Curia, per
Butler, J.
The question presented in this case is, whether the narrator’s parcel of land, situated in the village of Gillisonville, is subject to the tax imposed by the Act of the Legislature, on city, town and village lots, under the following clause, “ a tax to be levied of twenty-seven cents ad valorem on every hundred dollars of the value of all lots, lands and buildings, within any city, town, village, or borough, inclnding all lots or portions of land on which buildings may be erected in the immediate vicinity of any city, town, village, or borough in’ this State.” — It may sometimes be difficult to say what is a village; but the circumstance of a village being unincorporated, can give it *344 no right tobe exempt from the tax. Many of the Court House villages in the State are not incorporated, and yet, lots situated in them, or in their immediate vicinity, areliable to the above tax, without an exception, so far as I am informed. In 1830, before the village of Newberry was incorporated, an application was made to Judge O’Neall, by Mr. Spencer Harrington, for a writ of prohibition to restrain the tax collector from levying a tax on a lot lying adjacent to one part of the village, and about 300 yards from the Court House. The Judge refused the motion, and his decision was confirmed by the Court of Appeals. MSS. book 4, p. 588.
The system of taxation in South Carolina is extremely arbitrary, and in many respects, unequal. The classification of lands do not indicate their real value.' The value of property, or the ability of individuals owning it, can afford no criterion for the construction of tax acts; and as they are revenue laws, they must receive a liberal interpretation to effect their objects. There are some pine-land settlements in the lower country, which, would not seem to fall within the purview of this clause of the tax act. Yet it is difficult to lay down any precise line, which would distinguish one village from another. In general, village-property derives its value from the houses and other fixtures about it, The Legislature has thought proper to distinguish such real property from other land, that maybe employed for agricultural purposes. ■ The design may have-been to tax those who could afford to make investments in-town and village property. In a city or town, it sometimes happens, that the owner of a single house has more wealth invested in it, than the proprietor of thousands of acres of farming land. In such case, unemployed wealth is taxed, in preference to that which depends on productive labor, This view of the matter, is not always well founded, in relation to village property. Sometimes, however, that may be the case, and a wealthy proprietor of village lots, cannot be distinguished from one of less affluence. All that can be said is, that village property falls within an arbitrary classification, and so do all the lands of the State. Some land has to be valued by a tax collector, as worth 20 cents for one hundred acres, that in fact may be worth $20 per acre; and it seems to me that the case re-. *345 solves itself into this, is the narrator’s land situated in what the Act contemplates as a village 1 The name of the place is Gillisonville, and the narratorlives on a piece of land which he cultivates as a farm; still he lives in the neighborhood of other persons, who inhabit their lots and lands in the same way ; some having lots of larger and others of smaller dimensions. They live in an assemblage of houses much nearer together than is the case with planters in the country. In England, a village is understood to be a small assemblage of houses, less than a town or city, and there it is said a village is distinguished from a town, by the want of a market. In the United States, no such distinction exists ; and any small assemblage of houses in the country is called a village. According to this description, Gillisonville must be regarded a village ; and all the land in it must be subject to the tax imposed by the clause referred to. The judgment below is affirmed, and the motion to reverse it is dismissed.
O’Neall and Wardlaw, JJ., concurred.
Richardson, J., absent.